## WILSON *et al. v.* RYDER.

(*Common Pleas of New York City and County, General Term.* June 2, 1890.)

DECEIT—SALE—REPRESENTATION OF SOLVENCY.

 An action for procuring goods by defendant's false representation that he owned $20,000 worth of property, free and clear of liabilities, is properly dismissed when the complaint contains no allegation of damages arising out of this representation, and the plaintiffs' own proof shows that defendant owned property to the amount stated by him, and that he is amply responsible for the debt, though it also appears that he owed debts aggregating about $3,500 when the representation was made.

Appeal from city court, general term.

Action by Henry Wilson and George D. Wilson against Stephen Ryder, for procuring goods by a false representation that defendant owned property worth $20,000, free and clear of incumbrances. The action was referred to a referee. As appears by plaintiff's evidence, they sold defendant a bill of goods amounting to $252.98 on the faith of his representation as to his property. Defendant paid $52.98 in cash, and gave his note for the balance, $200, which he failed to pay at maturity. Plaintiffs further showed that when defendant made the representation he was owing about $3,500, including a mortgage of $2,000 on a tract of land. It also appeared from plaintiffs' evidence that defendant now owns about $40,000 worth of property. Defendant introduced no evidence, and moved to dismiss the complaint at the close of plaintiffs' evidence. The referee granted the motion. From a judgment affirming the judgment in the referee's report plaintiffs appeal.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*P. C. Talman,* (*John Fennel,* of counsel,) for appellants. *Geo. C. Dutcher,* for respondent.

BOOKSTAVER, J. This action was brought by the plaintiffs to recover the sum of $200, and the plaintiffs allege, among other things, that false and fraudulent representations were made by the defendant at the time of the purchase of the goods in question, which led to their sale. There is no allegation in the complaint of any damage arising out of these representations. The action was referred to a referee appointed by the city court, for trial, and upon such trial no proof was offered on behalf of the defendant. The plaintiffs' testimony showed that the defendant owned more than $20,000 above his

debts and liabilities at the time that the representations were made, and that the representations made by him at the time of the purchase were substantially true. The most that could be said is that the representations were false in one respect only; but this can give no cause of action, for it does not appear that the plaintiff acted on that false representation, or that any damage arose by reason thereof. It also appears from the evidence that the defendant was amply responsible to pay the debt incurred by him, notwithstanding the incumbrance upon his property, and there was no proof offered as to his actual insolvency. There was therefore no question of fact in the case to have been submitted to a jury, had the case been tried before it, and therefore the referee was right in dismissing the complaint. The judgment should be affirmed, with costs.